IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HAWAII CARPENTERS TRUST FUNDS,  HEALTH & WELFARE FUND, BY ITS TRUSTEES HENRY IIDA, RUSSELL YOUNG, AUDREY HIDANO, GLEN KANESHIGE, ERIC HASHIZUME, GEORGE EHARA, RONALD TAKETA, KYLE CHOCK, SHAYNE CHUNG, CONRAD C. VERDUGO, JR., RALPH HOOHULI, AND TRAVIS MURAKAMI,<br><br>                     Plaintiffs,<br><br>   vs.<br><br>DUSTIN I. LACNO,<br><br>                  Defendant. | CIV. NO. 23-00420 SOM-RT<br><br>FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT [JUDGMENT] AGAINST DEFENDANT DUSTIN I. LACNO |

**FINDINGS AND RECOMMENDATION TO GRANT
PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT [JUDGMENT]
AGAINST DEFENDANT DUSTIN I. LACNO**

On December 15, 2023, Plaintiffs Health and Welfare Fund of the Hawaii

Carpenters Trust Funds ("Plaintiffs" or "Trust Funds") filed a *Motion for Entry of*

*Default [Judgment] Against Defendant Dustin I. Lacno[1]* ("Motion" or "Motion for

---

[1] The original title to the *Motion* is *Plaintiffs' Motion for Entry of Default Against Defendant Dustin I. Lacno*.  ECF No. 12.  To avoid confusion, the Court clarified this title by indicating that the *Motion* is in fact a motion for default judgment.  It is

Default Judgment"). ECF No. 12. The *Motion* came on for a telephonic hearing on February 8, 2024. ECF No. 14. Attorney Jeffrey Miller appeared on behalf of Plaintiffs. No other party appeared for the telephonic hearing.

The Court has carefully reviewed the *Motion* and attached declarations and exhibits, the records in this case and applicable law. The Court **FINDS** that Defendant Dustin I. Lacno ("Defendant") had notice of this case and of this *Motion*, and failed to answer, respond or otherwise defend in this case. Accordingly, the Court **RECOMMENDS** that the district judge **GRANT** the *Motion* and enter default judgment against the Defendant. The Court also **FINDS** that Plaintiffs are entitled to their damages in the amount of $39,683.37 and total attorneys' fees and costs in the amount of $3,002.42, and **RECOMMENDS** that such amounts be awarded.

## BACKGROUND

Plaintiffs, through the trustees of the Health and Welfare Trust Fund, which is part of the Hawaii Carpenters Trust Funds, brought this action pursuant to the Labor-Management Relations Act, 1947, as amended, the Employee Retirement Income Security Act of 1974 and the Multiemployer Pension Plan Amendments

---

clear that Plaintiffs are seeking default judgment because the *Motion* states that "Plaintiffs . . . move this Court for an order granting a default judgment against Defendant DUSTIN I. LACNO." *Id.* at PageID.41. In addition, an entry of default was already entered in this case on November 22, 2023. ECF No. 9.

Act of 1980.  ECF No. 1 at PageID.2; ECF No. 12-1 at PageID.42.  The Trust

Funds are an employee benefit plan and "are responsible for the collection,

accounting, management and distribution of employer contributions and employee

benefits pursuant to a Collective Bargaining Agreement ("CBA")[.]"  ECF No. 12-

1 at PageID.43.

Defendant is an employee eligible for benefits from Plaintiffs under the

CBA.  ECF No. 1 at PageID.3.  In particular, these benefits include health

coverage for a participant's eligible dependent, including a participant's spouse.

*Id*.  However, the rules provide that coverage of a spouse terminates upon the

dissolution of the marriage:

> You must inform the Fund, in writing, if a dependent ceases to be eligible
> for benefits on or before the first day of the month following the month in
> which eligibility ceased.  If you fail to inform the Fund of the dependent's
> ineligibility, and the plan makes payments for services to the ineligible
> defendant, you must reimburse the plan for the amount of such payments.

ECF No. 12-1 at PageID.44 (citing the *Summary Plan Description*).  Defendant

had a spouse named Kahaulani S. Lacno, who he divorced on February 20, 2020.

*Id*.  Defendant failed to inform the Trust Funds of the divorce until October 18,

2021.  ECF No. 1 at PageID.4.  The date of Defendant's divorce from his spouse

was the date Defendant's former spouse was no longer eligible to receive benefits.

Due to Defendant's untimely notice, Defendant's former spouse received benefits

for over a year past the divorce.  Defendant's former spouse allegedly received

benefits for the period between March 1, 2020 through October 31, 2021, and the benefits paid out amounted to $39,683.37.  *Id.*

Plaintiffs allege that they sent two notices to Defendant to inform Defendant that his former spouse had received benefits totaling to 39,683.37 under the plan when his former spouse was no longer eligible to receive benefits.  Defendant was sent a first notice on November 15, 2021, and the second notice via a letter dated December 28, 2021.  ECF No. 12-7 at PageID.72.  In a letter dated January 29, 2022, Defendant apologized for failing to timely notify Plaintiffs about his divorce and acknowledged his obligation to pay for any benefits paid out to his former spouse as a result of the late notice.  ECF No. 12-8.  Despite this letter and Defendant's admission, Plaintiffs allege that Defendant has not paid the $39,683.37.

On October 13, 2023, Plaintiffs commenced this case and served the Defendant a copy of the *Complaint* and summons on October 21, 2023.  ECF Nos. 1 & 7.  Plaintiffs allege that based on the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 12(a), Defendant's deadline to respond to the *Complaint* was on November 13, 2023.  ECF No. 12-2 at PageID.54.  Defendant failed to respond to the *Complaint*.  On November 22, 2023, Plaintiffs requested for an entry of default, which was entered that same day.  ECF No. 8 & 9.  Plaintiffs filed the instant *Motion* on December 15, 2023 and served Defendant with a copy of the *Motion*.

ECF No. 12-9 at PageID.74. Defendant failed to respond to the *Motion for Default Judgment* and failed to appear at the hearing on the *Motion*.

## DISCUSSION

Under Fed. R. Civ. P. 55(b)(2), after the Clerk's entry of default, default judgment may be entered against a defendant. The district court has the discretion to decide whether default judgment is the appropriate remedy in a case. *Haw. Carpenters' Trust Funds v. Stone*, 794 F.2d 508 (9th Cir. 1986). However, before determining whether default judgment is appropriate, the Court must first ascertain whether it has jurisdiction to hear the case. *See In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) ("To avoid entering a default judgment that can later be successfully attached as void, a court should determine whether it has the power, i.e., the jurisdiction, to enter the judgment in the first place.").

### A. Jurisdiction

This Court has federal question jurisdiction over this case because Plaintiffs' claims arise under federal law—the Labor-Management Relations Act, 1947, as amended, the Employee Retirement Income Security Act of 1974 and the Multiemployer Pension Plan Amendments Act of 1980. *See* ECF No. 1 at PageID.2. Further, this Court has personal jurisdiction over the Defendant because the Defendant "is a resident of the County of Maui, State of Hawaii." ECF No. 1 at PageID.3. The Court now turns to whether default judgment is appropriate

5

based on the factors set forth in *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) ("Eitel v. McCool").

**B. *Eitel v. McCool* Factors**

Under Fed. R. Civ. P. 55(b), an entry of default may be entered in favor of a plaintiff if the defendant has defaulted by failing to appear, and if the plaintiff's claim is for a "sum certain or a sum that can be made certain by computation." However, "[e]ntry of default does not entitle the non-defaulting party to a default judgment as a matter of right." *In re Villegas*, 132 B.R. 742, 746 (9th Cir. 1991) (citations omitted). Default judgments are ordinarily disfavored, and cases should be decided on their merits if reasonably possible. *Eitel*, 782 F.2d at 1472.

The Court considers seven factors listed in *Eitel v. McCool* when determining whether default judgment should be granted:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Id*. at 1471-72. While considering these factors, the court takes as true the factual allegations of the complaint, except those relating to the amount of damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1997)). The Court shall address each factor below.

6

## 1.  **Possibility of Prejudice**

When considering the possibility of prejudice, the Court evaluates whether Plaintiffs would suffer any prejudice if default judgment were not entered against the Defendant.  *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C. D. Cal. 2002).  Here, the prejudice against Plaintiffs is high.  Defendants failed to answer the *Complaint*, appear at scheduled hearings and defend in this case.  The possibility of a decision on the merits is impracticable given the circumstances. Plaintiffs would be left without any recourse for recovery.  If default judgment is not entered, Defendant can abscond liability by merely refusing to litigate and remaining silent.  The Court thus finds that this factor weighs in favor of default judgment.

## 2.  **Merits of the Claim**

This factor requires that Plaintiffs state a claim on which Plaintiffs may recover damages.  *See Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978). The language cited from the *Summary Plan Description* in the *Motion* is clear: if Defendant fails to inform Plaintiffs of a dependent's change in eligibility to receive benefits and that ineligible dependent receives benefits, Plaintiff is required to reimburse Plaintiffs for the total benefits the ineligible dependent received.  ECF No. 12-1 at PageID.44.  Defendant wrote a letter acknowledging that he failed to timely notify Plaintiffs of his divorce.  Defendant was divorced on February 20,

2020, and Plaintiffs allege that benefits were paid to Defendant's former spouse from the period of February 20, 2020 through October 18, 2021. ECF No. 12-1 at PageID.44-45. Plaintiffs thus have a valid claim against Defendant to collect the amount of benefits Defendant's former spouse received. Accordingly, this factor favors default judgment.

### 3. **Sufficiency of the Complaint**

Because this Court found that the allegations in the *Complaint* are sufficiently pled and supported by the *Motion for Default Judgment*, this factor also weighs in favor of default judgment.

### 4. **Sum of Money at Stake**

Under this factor, the Court "must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C. D. Cal. 2002) (citing *Eitel*, 782 F.3d at 1472). Here, the damages are the exact amount Plaintiffs paid Defendant's former spouse due to Defendant's failure to timely notify Plaintiffs of the divorce. This factor thus weighs in favor of default judgment.

### 5. **Likelihood of a Dispute Concerning Material Facts**

Defendant was given notice and had sufficient time to respond to the *Complaint* and deny any allegations. Defendant chose simply not to respond, failed to appear and elected not to defend. Defendant also wrote a letter

acknowledging his liability for any benefits improperly paid to his former spouse due to his failure to timely notify Plaintiffs of his divorce. This factor thus weighs in favor of default judgment.

### 6. **Excusable Neglect**

Defendant's silence in this case and his letter to Plaintiffs acknowledging his liability supports a finding that Defendant's failure to litigate this case is not likely due to excusable neglect. Defendant's failure to defend is likely the result of Defendant's conscious and willful decision not to defend. Accordingly, this factor weighs in favor of default judgment.

### 7. **Policy Favoring Decisions on the Merits**

There is a strong policy in favor of decisions based on the merits; however, this factor alone is not enough to outweigh the other six (6) *Eitel v. McCool* factors that weigh in favor of granting default judgment.

### 8. **Totality of Eitel Factors**

Based upon these seven considerations, the Court finds that six (6) out of seven (7) factors weigh in favor of default judgment. Accordingly, the Court recommends that the district judge GRANT the *Motion*.

## C. **Damages**

Plaintiffs seek damages in the amount of $39,683.37, which is the amount of benefits paid to Defendant's former spouse from March 1, 2020 through October

31, 2021, which is the period in which the former spouse was not eligible for benefits.  Plaintiffs submitted the *Declaration of Jonathan Dube* stating that the amount improperly paid to Defendant's former spouse is $39,683.37.  ECF No. 1 at PageID.4.  In the second notice that Plaintiffs sent to the Defendant, dated December 28, 2021, Plaintiffs notified Defendant that benefits were improperly paid to Defendant's former spouse in the amount of $39,683.37.  ECF No. 12-7 at PageID.72.  In response to the second notice, Defendant wrote a letter to Plaintiffs apologizing for his oversight and acknowledging his liability, and did not dispute the amount of damages.  ECF No. 12-8 at PageID.73.  The Court thus **FINDS** that Plaintiffs are entitled to damages in the amount of $39,683.37.

### D. <u>Attorneys' Fees</u>

Plaintiffs seek attorneys' fees and costs in the amount of $3,002.42 ($1,675.91 for attorneys' fees incurred, $541.17 in costs and $785.34 in fees and excise tax for anticipated attorneys' fees).  ECF No. 12-1 at PageID.51; ECF No. 12-2 at PageID.54.

| | |
|---|---|
| Attorneys' Fees Incurred | $1,675.91 |
| Costs | $541.17 |
| Anticipated Attorneys' Fees | $750.00 |
| GET on Anticipated Attorneys' Fees | $35.34 |
| **Total:** | **$3,002.42** |

The Court shall first determine whether the attorneys' fees requested are reasonable.  Reasonable attorneys' fees are generally based on the traditional

"lodestar" calculation, which multiplies (1) the number of hours reasonably expended by (2) a reasonable hourly rate. *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). The lodestar calculation may also be adjusted based on an evaluation of the factors in *Kerr*, which have not been subsumed in the lodestar calculation. *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 69-70 (9th Cir. 1975) (citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). "'The court need not consider all . . . factors, but only those called into question by the case at hand and necessary to support the reasonableness of the fee award.'" *Cairns v. Franklin Mint Co.*, 292 F.3d 1139, 1158 (9th Cir. 2002) (citations omitted). There is a strong presumption that the lodestar amount calculated is reasonable. *See Fischer*, 214 F.3d at 1119 n.4 (citing *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986)).

### 1. <u>Reasonable Hourly Rate</u>

Plaintiffs seeks an hourly rate of $250.00 for work performed by attorney Jeffrey P. Miller. ECF No. 12-2 at PageID.55. Mr. Miller has been admitted to the California Bar in 1988 and the Hawaii Bar in 2001. *Id*. Mr. Miller has been practicing law for the past 35 years, and he currently practices commercial litigation, collections, public procurement, construction disputes, real estate, landlord-tenant disputes and personal injury law. *Id*. To calculate the lodestar

amount, the reasonable hourly rate is determined by assessing the prevailing market rate in the relevant community for similar work performed by attorneys of comparable skill, experience and reputation. *Roberts v. City of Honolulu*, 938 F.3d 1020, 1023-24 (9th Cir. 2019) (citing *Kelly v. Wengler*, 822 F.3d 1085, 1099 (9th Cir. 2016)); *Webb v. Ada County*, 285 F.3d 829, 840 (9th Cir. 2002) (citing *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210-11 (9th Cir. 1986)).  "[T]he relevant community is the forum in which the district court sits." *Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 979 (9th Cir. 2008) (citation omitted).  In this case, the relevant community is the District of Hawaii.

"District courts may also use their 'own knowledge of customary rates and their experience concerning reasonable and proper fees.'" *Sam K. ex rel. Diane C. v. Hawaii Dept. of Educ.*, 788 F.3d 1033, 1041 (9th Cir. 2015) (citing *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011)).  Based on this Court's knowledge of the prevailing rates in the legal community for work in similar cases, this Court finds that the hourly rate requested for Mr. Miller is reasonable.  *See e.g., Hawaii Carpenters Tr. Funds v. Dynamic Interiors, LLC*, Civ. No. 13-00063 JMS-RLP, 2013 WL 3944512, at *5 (D. Haw. July 30, 2013) (Jeffery Miller, Esq.'s hourly rate of $250.00 was found to be reasonable).

2.    **Hours Reasonably Expended**

"The party seeking fees bears the burden of documenting the hours

expended in the litigation and must submit evidence supporting those hours and the

rates claimed." *Welch v. Metropolitan Life Ins. Co.*, 480 F.3d 942, 945-46 (9th

Cir. 2007) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). "In

determining the appropriate lodestar amount, the district court may exclude from

the fee request any hours that are 'excessive, redundant, or otherwise

unnecessary.'" *Welch*, 480 F.3d at 946 (citing *Hensley*, 461 U.S. at 434).

Plaintiffs provided invoices of the work performed by their counsel in the

*Motion for Default Judgment*.  ECF No. 12-1 at PageID.62-65; ECF No. 12-7.

Upon careful review of these invoices, the Court notes that there are several block-

billed entries:

| Date | Description | Hours |
|------|-------------|-------|
| 5/10/2022 | Telephone conference with J. Dube regarding new matter; review initial file materials from client; prepare demand letter to Lacno. | 0.7 |
| 10/6/2023 | Conduct Accurint search for Dustin Laco; telephone call to same. | 0.3 |
| 11/22/2023 | Prepare Request to Clerk for Entry of Default, Declaration of Miller, Entry of Default, COS. | 0.7 |
| 12/14/2023 | Prepare motion for entry of default judgment, memorandum in support, declaration of Miller, declaration of Dube, identify exhibits for same. | 2.2 |

13

ECF No. 12-5 at PageID.61, 63, 65 & 67. "District courts have the authority to reduce hours that are billed in block format because such a billing style makes it difficult for courts to ascertain how much time counsel expended on specific tasks." *Robinson v. Plourde*, 717 F. Supp. 2d 1092, 1100 (D. Haw. 2010) (citing *Welch v. Metropolitan Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007)) (citations omitted). However, when viewed collectively, the total time spent on these tasks are reasonable and thus, the Court does not find a need to reduce any of the block-billed time. The Court is thus satisfied that the hours expended in this case are reasonable.

Plaintiffs also request $750.00 in fees and $35.34 in general excise tax for work anticipated to be performed on this *Motion* after the filing of the instant *Motion* up until the filing of the judgment. ECF No. 12-1 at PageID.51. The Court finds this amount to be reasonable.

### E. Costs

In addition to attorneys' fees, Plaintiffs request $541.17 in costs. ECF No. 12-2 at PageID.54. The Court has reviewed the records/invoices submitted by Plaintiffs and finds that the costs requested are reasonable. ECF No. 12-5 at PageID.63 & 65.[2]

---

[2] The invoices reflect that the total reasonable expenses are $543.63 ($413.00 + $130.63 = $543.63). ECF No. 12-5 at PageID.63 & 65. However, the Court shall only award the amount of costs requested by Plaintiffs ($541.17).

## **CONCLUSION**

Based upon the foregoing, the Court **FINDS** that Plaintiff is entitled to default judgment and **RECOMMENDS** that the *Motion* be **GRANTED** as follows:

1. Plaintiffs' request for default judgment against Defendant be **GRANTED**;

2. Plaintiffs be awarded damages in the amount of $39,683.37; and

3. Plaintiffs be awarded $3,002.42 in attorneys' fees and costs.

IT IS SO FOUND AND RECOMMENDED.

DATED:  Honolulu, Hawaii, April 29, 2024.



_____
Rom A. Trader
United States Magistrate Judge

---

Civ. No. 23-00420 SOM-RT;  *Hawaii Carpenters Trust Funds, et al. vs. Dustin I. Lacno*;  Findings and Recommendation to Grant Plaintiffs' Motion for Entry of Default [Judgment] Against Defendant Dustin I. Lacno